IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRELL E. KILGORE, ) | | 1:06-cv-00851-OWW-DLB-HC |
| ) | | |
| Petitioner, ) | | |
| ) | | **FINDINGS AND RECOMMENDATION** |
| vs. ) | | **re: DISMISSAL OF ACTION** |
| ) | | (Doc. 8) |
| ON HABEAS CORPUS, ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 13, 2006, the court issued an order requiring Petitioner to file an amended petition curing the deficiencies outlined therein, within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the court's order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

1

1  Respondents; (4) the public policy favoring disposition of cases on
2  their merits; and, (5) the availability of less drastic
3  alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
4  1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court
5  finds that the public's interest in expeditiously resolving this
6  litigation and the court's interest in managing the docket weigh in
7  favor of dismissal.  The third factor, risk of prejudice to
8  Respondents, also weighs in favor of dismissal, since a presumption
9  of injury arises from the occurrence of unreasonable delay in
10 prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th
11 Cir. 1976).  The fourth factor -- public policy favoring
12 disposition of cases on their merits -- is greatly outweighed by
13 the factors in favor of dismissal discussed herein.  Finally, a
14 court's warning to a party that failure to obey the court's order
15 will result in dismissal satisfies the "consideration of
16 alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
17 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's
18 order of September 13, 2006, expressly stated: "Failure to comply
19 with this order may result in the action be dismissed for failure
20 to comply with a court order.  Local Rule 11-110."  Thus,
21 Petitioner had adequate warning that dismissal would result from
22 his noncompliance with the court's order.
23      Accordingly, the court HEREBY RECOMMENDS that this action be
24 DISMISSED for Petitioner's failure to obey the court's order of
25 September 13, 2006.  These Findings and Recommendation is submitted
26 to the United States District Court Judge assigned to the case
27 pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
28 72-304 of the Local Rules of Practice for the United States

District Court, Eastern District of California.  Within **thirty (30) days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:    October 31, 2006**             **/s/ Dennis L. Beck**
3b142a                                     UNITED STATES MAGISTRATE JUDGE